UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
BERKS DIVISION

LISA CUTHBERTSON,

     Plaintiff,

vs.

Case No.: 2:25-cv-1106

SUMMIT STEEL & MANUFACTURING,
LLC f/k/a SUMMIT STEEL &
MANUFACTURING, INC., a Domestic
Limited Liability Company, CALDERA
MANUFACTURING GROUP, INC.
d/b/a SUMMIT STEEL,
a Domestic Limited Liability Company,
and AMERICAN BENEFITS GROUP,
INC.

     Defendants

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LISA CUTHBERTSON ("Plaintiff"), by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, SUMMIT STEEL & MANUFACTURING, LLC, f/k/a SUMMIT STEEL & MANUFACTURING, INC., a Domestic Limited Liability Company ("SS&M"), and CALDERA MANUFACTURING GROUP, INC. d/b/a SUMMIT STEEL ("CALDERA") (together "SUMMIT STEEL" or "Employer Defendants"), to recover from SUMMIT STEEL overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §333.101, *et seq.* ("PMWA"), as well as damages from SUMMIT STEEL and AMERICAN BENEFITS GROUP, INC. ("ABG") for failure

to provide timely notice under as required under the Employee Retirement Income Security Act ("ERISA"), and specifically, ERISA's Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161, *et seq.* and ERISA, 29 U.S.C. § 1132(c) (1) and in support thereof states as follows:

## INTRODUCTION

1.     Employer Defendants employed Plaintiff but failed to pay her the appropriate overtime pay in overtime weeks as required by the FLSA and PMWA.

2.     Employer Defendants' practice of failing to compensate Plaintiff overtime premiums for all of her hours worked over forty (40) each workweek violates the overtime provisions of the FLSA and PMWA.

3.     Plaintiff brings an action to recover the unpaid back wages owed to her at any time during the three-year period before this Complaint was filed, up to the present.

## JURISDICTION AND VENUE

4.     Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs.

5.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under the FLSA, COBRA and ERISA.

6.     This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367(a), because Plaintiff's PMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Berks County, Pennsylvania.

## PARTIES

8.     At all times material to this action, Plaintiff was, and continues to be, a resident of Blount County, Tennessee.

9.     At all times material to this action, Defendant SS&M, was, and continues to be, a Domestic Limited Liability Company.  Further, at all times material to this action, Defendant SS&M was, and continues to be, engaged in business in Pennsylvania, with a principal place of business in Berks County, Pennsylvania.

10.     At all times material hereto, SS&M was an "employer" as defined by 29 U.S.C. § 201, et seq.

11.     At all times material to this action, Defendant CALDERA, was, and continues to be, a company engaged in business in Pennsylvania, with a principal place of business in Berks County, Pennsylvania.

12.     At all times material to this action, Plaintiff was an "employee" of SS&M within the meaning of the FLSA and PMWA.

13.     From the time in 2023 that CALDERA took over SS&M, Plaintiff was an "employee" of CALDERA within the meaning of the FLSA and PMWA.

14.     Upon information and belief, at all times relevant hereto, SS&M and CALDERA, were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because they had: (i) common management; (i)

3

interrelated operations; and (iii) they were not completely disassociated with respect to Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

15. CALDERA and SS&M share an address, specifically, 1005 Patriot Pkwy, Reading, PA, 19605.

16. CALDERA and SS&M share a telephone number, 610-921-1119.

17. When one calls 610-921-1119, the automated greeting states "Thank you for calling Summit Steel, a Caldera Manufacturing Company."

18. CALDERA and SS&M share a website at https://calderamfg.com, with SS&M's portion of the website found at https://calderamfg.com/facilities/summit-steel/. *See* Copy of https://calderamfg.com/facilities/Summit-steel/, attached as **Exhibit A.**

19. "Summit Steel Manufacturing" is listed as one of "Our Facilities" on the Caldera Manufacturing website. *See* Copy of https://calderamfg.com/facilities/, attached as **Exhibit B**.

20. Plaintiff's termination letter was sent by SUMMIT STEEL on CALDERA stationary.

21. Plaintiff's termination letter noted that she "join[ed] the company in 2016."

22. Plaintiff's termination letter was signed by Cliff Goodman, who was in the human resources department of CALDERA.

23. At all times, including in 2023 and 2024, Plaintiff's paystubs were from SS&M.

4

24. At times material to this action, Employer Defendants were Plaintiff's "employers" within the meaning of the FLSA and PMWA.

25. Employer Defendants were, and continue to be, an "employer" within the meaning of the FLSA and PMWA.

26. At all times material to this action, SS&M was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA and PMWA.

27. From at least 2023 when it took over SS&M, CALDERA was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA and PMWA.

28. Based upon information and belief, the annual gross revenue of Employer Defendants, separately and combined, was in excess of $500,000.00 per annum during the relevant time periods.

29. At all times material to this action, Employer Defendants had numerous employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as metal, fabricating, welding, and robotic machinery, which were used directly in furtherance of SUMMIT STEEL'S commercial activity of running a manufacturing and fabrication company.

30. At all times material to this Complaint, ABG was, and continues to be a Delaware corporation with a principal place of business in Massachusetts. Upon information and belief, at all times material to this Complaint, ABG acted as an administrator for Employer Defendants' medical/health insurance plan.

**STATEMENT OF FACTS**

31.    On July 1, 2016, SS&M hired Plaintiff to work as a Carousel Support Specialist.

32.    Plaintiff's job duties were to schedule technicians, schedule repairs, arrange equipment, check on jobsites, and facilitate parts and service orders.

33.    Upon information and belief, in 2023, CALDERA took over SS&M and began jointly operating as SUMMIT STEEL.

34.    Between July 1, 2016, and July 12, 2024, in one or more workweeks, Plaintiff worked for Employer Defendants in excess of forty (40) hours within a workweek.

35.    Between July 1, 2016, and July 12, 2024, Employer Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

36.    Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for those hours that she worked in excess of forty (40) hours per workweek within the three years preceding the date this Complaint is filed, as required by the FLSA and PMWA.

37.    Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Employer Defendants.

38.    Employer Defendants have violated Title 29 U.S.C. §207 and the PMWA during the term of Plaintiff's employment, in that:

      a.    Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Employer

6

Defendants;

b.    No payments or provisions for payment have been made by Employer Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA and PMWA; and

c.    Employer Defendants failed to maintain accurate time records as to Plaintiff's hours worked, as required by the FLSA.

39.    Employer Defendants acted deliberately in failing to compensate Plaintiff the minimum of one and one-half time her regular rate of pay for hours worked in excess of forty (40) hours in a workweek. Based on Plaintiff's job duties and hours worked, Employer Defendants knew or reasonably should have known that Plaintiff was owed overtime compensation under the FLSA.

40.    Because Employer Defendants knew or should have known that Plaintiff's job duties did not qualify her for any exemption to the overtime requirement, Employer Defendants' failure to compensate Plaintiff this overtime compensation when they knew or should have known same was due constitutes a willful violation of the FLSA.

41.    Employer Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA and PMWA.

42.    Employer Defendants provided Plaintiff with medical/health insurance benefits during her employment.

43.    Upon information and belief, Employer Defendants delegated certain

7

administrator responsibilities under its medical/health insurance plan (the "Plan") to ABG.

44.     During her employment, Plaintiff was covered by the Plan.

45.     Employer Defendants provided Plaintiff with medical/health insurance through the Plan.

46.     Employer Defendants provided COBRA benefits to qualified employees.

47.     Plaintiff's employment was terminated by Employer Defendants on July 12, 2024.

48.     Upon information and belief, under the terms of the Plan, Plaintiff was qualified for, and entitled to receive, continuation coverage following the termination of her employment.

49.     Plaintiff should have received timely notice of her COBRA rights from CALDERA, SS&M and/or ABG.

50.     At a minimum, Plaintiff should have received notice of her COBRA rights from CALDERA, SS&M and/or ABG no later than August 26, 2024.

51.     Plaintiff did not receive notice of her COBRA rights from CALDERA, SS&M and/or ABG until October 8, 2024.

52.     Plaintiff suffered damages due to lost coverage for physical therapy during that time, as well as other out of pocket expenses.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA
### Against CALDERA and SS&M

53.     Plaintiff re-alleges paragraphs 1 through 41 of the Complaint, as if fully

8

set forth herein.

54.    Between at least February 20, 2022, and July 12, 2024, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of at least one and one-half times the regular rate of pay for those hours over forty in a workweek.

55.    Plaintiff was entitled to be paid at the statutory rate of at least one and one-half times the regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

56.    Employer Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

57.    Employer Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

58.    Due to the intentional, willful, and unlawful acts of Employer Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

59.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA
### Against CALDERA and SS&M

60.    Plaintiff re-alleges paragraphs 1 through 41 of the Complaint, as if fully

set forth herein.

61.    From at least February 20, 2022, to July 12, 2024, Plaintiff was an "employee" within the meaning of the PMWA.

62.    Between at least February 20, 2022, and July 12, 2024, Employer Defendants were "employers" within the meaning of the PMWA and were subject to its requirements.

63.    Employer Defendants did not pay overtime premiums at the rate of one and one-half times her rate of pay in any of the many workweeks during which Plaintiff worked over forty hours.

64.    The PMWA provides that any employer who violates the PMWA shall be liable to the employee affected in the amount of her unpaid overtime compensation, together with costs and such reasonable attorneys' fees incurred.

## COUNT III

### FAILURE TO PROVIDE NOTICE AS REQUIRED UNDER COBRA, 29 U.S.C. §§ 1161, *et seq.* AND ERISA, 29 U.S.C. § 1132(c)(1)
### Against ABG, CALDERA and SS&M

65.    Plaintiff re-alleges paragraphs 1 through 30, and 42 through 52 of the Complaint, as if fully set forth herein.

66.    Upon information and belief, Employer Defendants are an employer under the Plan.

67.    Upon information and belief, ABG administered the Plan at the time Plaintiff should have received COBRA notice.

68.    Upon information and belief, at all times material hereto, ABG was an agents authorized to act on behalf of Employer Defendants.

69.     As an employer providing coverage to more than twenty employees, Employer Defendants, by and through their benefit agent, ABG, was required to and did include COBRA benefits in the coverage that Employer Defendants provided to Plaintiff.

70.     At the time of her discharge, Plaintiff was qualified for and entitled to receive COBRA benefits under the Plan.

71.     Upon termination of Plaintiff's employment, Employer Defendants and/or ABG were required to give Plaintiff notice of her rights under COBRA.

72.     Neither Employer Defendants nor ABG gave Plaintiff proper timely notice of her COBRA rights following her termination.

73.     Because Defendants failed to give the required notice, Plaintiff was without medical coverage and had to pay out-of-pocket for medical expenses for a time, and lost certain existing coverage.

74.     Defendants' failure to give the Plaintiff proper timely notice of and the opportunity to elect coverage violated COBRA, 29 U.S.C. §§ 1161, *et seq.*

75.     Because Defendants violated the statute, each Defendant is separately liable to Plaintiff for a statutory fine of $100 per day, pursuant to 29 U.S.C. § 1132(c)(1).

WHEREFORE, Plaintiff prays for the following relief:

A.     An award of Plaintiff's overtime compensation in the amount due to her for hours worked in excess of forty (40) hours in any workweek between February 20, 2022, and July 12, 2024, under the FLSA and PMWA;

B.     An award of Plaintiff's liquidated damages in an amount equal to the

11

overtime award for any amounts awarded under the FLSA;

C.    An award of a statutory fine of $100 per day against each Defendant for each and every day that each Defendant failed to timely notify Plaintiff of her COBRA rights;

D.    An award of Plaintiff's reasonable attorney's fees and costs and expenses of the litigation;

E.    An award of pre-judgment interest to the extent allowable under applicable law; and

F.    An award of any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 3rd day of March, 2025.

Respectfully Submitted,

_____
Angeli Murthy, Esquire
PBN: 93699
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*