**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**BERKS DIVISION**

---

LISA CUTHBERTSON,

       Plaintiff,

v.

SUMMIT STEEL & MANUFACTURING, LLC
f/k/a SUMMIT STEEL & MANUFACTURING,
INC., SUMMIT STEEL FABRICATING GROUP,
INC. d/b/a CALDERA MANUFACTURING
GROUP, and AMERICAN BENEFITS GROUP,
INC.

       Defendants.

**ANSWER**

Case No.: 2:25-cv-1106

---

Defendants SUMMIT STEEL & MANUFACTURING, LLC and SUMMIT STEEL FABRICATING GROUP, INC. d/b/a CALDERA MANUFACTURING GROUP (collectively referred to herein as "Summit Steel" or "Defendants"), by and through its attorneys, LIPPES MATHIAS LLP, for their Answer to the Complaint filed by LISA CUTHBERTSON ("PLAINTIFF"), in like-numbered paragraphs state as follows:

**INTRODUCTION**

1.      Defendants aver that Plaintiff was employed by Summit Steel from on or about July 1, 2016 through July 12, 2024 and deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

1

**JURISDICTION AND VENUE**

4.    Paragraph 4 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

5.    Paragraph 5 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

6.    Paragraph 6 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

7.    Paragraph 7 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

**PARTIES**

8.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and, therefore, deny the allegations.

9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.    Paragraph 10 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

11.    Defendants admit Defendant Summit Steel Fabricating Group, Inc., d/b/a Caldera Manufacturing Group is a company engaged in business in Pennsylvania with a principal place of business in Berks County, Pennsylvania.  Defendants deny each and every remaining allegation contained in Paragraph 11 of the Complaint.

12.    Paragraph 12 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

15.     Defendants admit Summit Steel & Manufacturing LLC and Summit Steel Fabricating Group, Inc. d/b/a Caldera Manufacturing Group share an address, specifically 1005 Patriot Parkway, Reading, Pennsylvania, 19605.  Defendants deny each and every remaining allegation contained in Paragraph 15 of the Complaint.

16.     Defendants admit Summit Steel & Manufacturing LLC and Summit Steel Fabricating Group, Inc. d/b/a Caldera Manufacturing Group share a telephone number, (610) 921-1119.  Defendants deny each and every remaining allegation contained in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that Summit Steel & Manufacturing LLC and Summit Steel Fabricating Group, Inc. d/b/a Caldera Manufacturing Group share a website domain, wherein Summit Steel & Manufacturing LLC has a portion dedicated to it on the website.  Defendants deny each and every remaining allegation contained in Paragraph 18 of the Complaint.

19.     Defendants admit "Summit Steel Manufacturing" is listed on the "Our Facilities" page on Summit Steel Fabricating Group, Inc. d/b/a Caldera Manufacturing Group's website. Defendants deny each and every remaining allegation contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

25.     Paragraph 25 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and, therefore, deny the allegations.

## STATEMENT OF FACTS

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore deny the allegations.

38. Defendants deny the allegations contained in Paragraph 38 of Complaint, including sub-paragraphs (a) through (c).

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

**<u>COUNT I</u>**
**<u>RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA</u>**
**<u>Against CALDERA and SS&M</u>**

53. Defendants repeat and reallege their responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA
### Against CALDERA and SS&M

60.     Defendants repeat and reallege their responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

## COUNT III
## FAILURE TO PROVIDE NOTICE AS REQUIRED UNDER COBRA, 29 U.S.C. §§ 1161, *et seq.* AND ERISA, 29 U.S.C. § 1132(c)(1)
### Against ABG, CALDERA and SS&M

65.     Defendants repeat and reallege their responses to Paragraphs 1 through 30 and 42 through 52 of the Complaint as if set forth fully herein and deny the allegations contained in Paragraph 65 of the Complaint.

6

66.    Paragraph 66 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

67.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and, therefore, deny the allegations.

68.    Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

70.    Paragraph 70 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

71.    Paragraph 71 of the Complaint contains legal conclusions to which no response is required; but to the extent that a response is required, Defendants deny the allegations.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.    Defendants deny each and every allegation of Plaintiff's Complaint not otherwise specifically admitted, denied or otherwise controverted.

**FOR A FIRST AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

77.    The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

**FOR A SECOND AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

78.     To the extent Plaintiff can establish liability and damages against Defendants (which Defendants deny), all or some of the damages must be diminished by reason of acts, actions, negligence, culpable conduct, failure to mitigate and/or assumption of the risk of Plaintiff by no fault of Defendants.

**FOR A THIRD AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

79.     Any damages were proximately caused, in whole or in part, by the conduct, actions, and omissions of Plaintiff and/or parties and/or third parties other than Defendants.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

80.     Plaintiff's recovery for the alleged claims is barred by equitable defenses, including the applicable doctrines of unclean hands, equitable estoppel, laches, and/or waiver.

**FOR A FIFTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

81.     In accordance with 20 U.S.C. § 259, employment action taken by Defendants toward Plaintiff was taken in good faith, on reasonable grounds, and consistent with Defendants' lawful and valid policies, procedures, and practices.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

82.     Plaintiff's claims for unpaid wages must fail because, under the FLSA, PMWA, and their corresponding regulations, Plaintiff did not work the hours claimed and/or some of the hours claimed by Plaintiff are not compensable as "hours worked."

8

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

83.    Plaintiff's claim for overtime under the FLSA is limited or barred by the *de minimis*

doctrine, 29 C.F.R. § 785.47.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

84.    At all times, Defendants acted in good faith and without any willfulness or intent.

**FOR A NINTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

85.    Plaintiff is not entitled to some or all of the relief requested in the Complaint

because Defendants' actions were not deceitful, malicious, egregious, in bad faith, wanton, or in

willful or reckless indifference to any legal rights of Plaintiff.

**FOR A TENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

86.    In the event Defendants violated any provision of the FLSA or PMWA, such

violation was not willful.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

87.    An award of prejudgment and/or post-judgment interest is not appropriate in an

action that seeks liquidated damages.

**FOR A TWELTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE**
**UPON INFORMATION AND BELIEF**

88.    Defendants reserve the right to raise any additional defenses as may be revealed by

discovery or investigation in this matter or as otherwise may be applicable during the course of

litigation.

9

WHEREFORE, Defendants, SUMMIT STEEL & MANUFACTURING, LLC and SUMMIT STEEL FABRICATING GROUP d/b/a CALDERA MANUFACTURING GROUP, demand: (1) judgment dismissing the Complaint; (2) that Plaintiff's damages, if any, be diminished in the proportion which the culpable conduct, comparative negligence, assumption of risk, and failure to mitigate attributed to the plaintiff's claimed damages; (3) an allocation and apportionment of the relative culpabilities of all parties and damages, if any; (4) together with the costs and disbursements of this action; and (5) such other and further relief as this Court deems just and proper.

DATED:          May 19, 2025

**LIPPES MATHIAS LLP**

By: */s/ Brendan H. Little*
Brendan H. Little, Esq.
*Attorneys for Defendants*
*Summit Steel & Manufacturing,*
*LLC and Summit Steel*
*Fabricating Group, Inc.*
50 Fountain Plaza, Suite 700
Buffalo, New York 14202
P: (716) 853-5100
E: blittle@lippes.com

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 19th day of May, 2025, I electronically filed a copy of the foregoing with the Clerk of the District Court using its CM/ECF system, which should then send notification to all counsel of record.

<u>/s *Brendan H. Little*</u>
Brendan H. Little, Esq.

11